693 P.2d 1103

Bruce E. LIND and Norma Jean Lind, husband and wife, Plaintiffs-Appellants,

v.

Gary B. PERKINS and Maylene Perkins, husband and wife; Clayton L. Perkins and Ruth L. Perkins, husband and wife, Defendants-Respondents.

No. 14105.

Court of Appeals of Idaho.

Dec. 31, 1984.

J. Kent Jolley, Rexburg, for plaintiffs-appellants.

Roger B. Wright, Voshell & Wright, Chartered, Idaho Falls, for defendants-respondents.

BURNETT, Judge.

This is an appeal by sellers of real property from a summary judgment dismissing a claim that they had been wrongfully deprived of a contractual right to repurchase the property. The sole issue is whether the summary judgment was precluded by genuine issues of material fact. We affirm the judgment.

The facts relevant to this appeal are undisputed. The sellers, Bruce and Norma Jean Lind, sold a house to Gary and Maylene Perkins on an installment contract. The contract required no down payment and it contained no prepayment privilege. It provided for monthly payments barely exceeding the interest that would accrue at a rate of seven percent per annum on the purchase price. It also provided that the sellers, at their option, could repurchase the home, by refunding any payments on principal, if the buyers ever moved from it.

Some time after the transaction, the buyers decided to pay off the contract in order to receive the warranty deed being held in escrow. The sellers agreed to accept such a prepayment, and to relinquish their right to repurchase the property, in return for an additional consideration of $3,000. The buyers gave the sellers an unsecured promissory note for this amount and paid the contract in full. After receiving the warranty deed, the buyers resold the property to Clayton and Ruth Perkins, the parents of buyer Gary Perkins. The buyers then moved out of state and subsequently failed to make payments on the note.

The sellers sued not only the original buyers but also the transferees, alleging that all of them had engaged in a common scheme to deprive the sellers of their repurchase right. The suit sounded in fraud. The sellers sought rescission of the sale to the original buyers, nullification of the ensuing conveyance to the transferees, and damages. The district court entered summary judgment for the transferees. For reasons not germane here, the action ultimately was dismissed as to the buyers. This appeal is limited to the sellers' claim against the transferees.

Idaho Code § 55–606 gives "conclusive" effect to any transfer of real property to a transferee who takes "in good faith, and for a valuable consideration." Similar protection is afforded to the bona fide purchaser for value under I.C. §§ 55–812 and 55–909. Consequently, the sellers' right to any relief from the transferees hinges on the question whether the transferees participated in, or could be charged with knowledge of, the fraudulent scheme ascribed to the original purchasers. On appeal our task is to determine whether the record discloses a genuine issue of material fact on this pivotal question.

■ The sellers contend that if the record is viewed in a light favorable to them, genuine issues exist as to the material facts. In a summary judgment proceeding, the record may be viewed favorably to the nonmoving party either as to the evidentiary facts or as to inferences drawn from those facts. Here, the evidentiary facts are undisputed. Consequently, the favorable light which the sellers seek to cast upon the record is one of inferences. On this point we note that a nonmoving party is not invariably entitled to the drawing of favorable inferences. Where, as here, no jury trial has been requested and the judge ultimately would be the trier of fact, the judge may draw those inferences which he deems to be best supported by the uncontroverted facts. See *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982). However, when a judge exercises the *Ritchie* power, by electing among permissible inferences or by choosing not to draw inferences he finds to be improbable, the judge should make specific findings. *Argyle v. Slemaker*, 107 Idaho 668, 691 P.2d 1283 (Ct.App.1984). In this case, the judge made no such findings. Accordingly, we will not employ a *Ritchie* standard of review in this appeal. Rather, we will deem the sellers entitled to favorable inferences if they can be drawn reasonably from the record.

■ The question thus is narrowed to whether the record supports a reasonable inference that the transferees participated in, or were aware of, a fraudulent scheme. We believe it does not. The record contains no evidentiary facts showing that the buyers intended not to make payments on the promissory note when they gave the note in return for the prepayment privilege and relinquishment of the sellers' right to repurchase the property. We cannot hypothecate a fraudulent intent and then infer that the transferees shared, or were aware of, such intent. Motions for summary judgment must be based upon facts actually shown in the record, not upon hypothecated facts. *See Barton v. Cannon*, 94 Idaho 422, 489 P.2d 1021 (1971); *Verbillis v. Dependable Appliance Co.*, 107 Idaho 335, 689 P.2d 227 (Ct.App.1984).

The sellers urge that the transferees were familiar with the contract for sale of the property to the original buyers. However, that fact is not material to the issue of fraud. The alleged fraud did not arise from the contract. The contract was fully performed and the sellers received the entire purchase price for the house. The fraud, if any, arose from the promissory note and the negotiations leading to it. There is no showing that the transferees participated in the negotiations or that they were aware of any impending default on the note, when they acquired the property.

■ The sellers also invite attention to the family relationship between the buyers and the transferees. However, the existence of a close relationship is not a "badge of fraud" per se. It invites close scrutiny of a transaction, but it must be supple-

mented by other proof of bad faith in order to establish a prima facie case of fraud. *Mohar v. McLelland Lumber Co.*, 95 Idaho 38, 42, 501 P.2d 722, 726 (1972). This record contains no supplementary showing. Accordingly, we conclude that the sellers failed to establish a genuine issue of material fact concerning the transferees' alleged involvement in a fraudulent scheme. The transferees' status as bona fide purchasers of the property for value has not been successfully challenged. Summary judgment properly was entered in favor of the transferees.

■ The transferees have requested an award of attorney fees on appeal. Such an award will be made under I.C. § 12–121 if we are left with the abiding belief that the appeal was brought or pursued unreasonably, frivolously or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). We believe this appeal falls within the *Minich* standard. The material facts in the case have not been disputed. We have not been confronted with a choice between reasonable inferences; rather, we have been asked to draw inferences upon facts not shown in the record. The law governing the case is well settled. Finally, there has been no cogent argument that the district court, in granting summary judgment, misapplied the law to the uncontroverted facts. Therefore, we award attorney fees on appeal to the transferees in an amount to be determined as provided by I.A.R. 41(d).

The summary judgment is affirmed. Costs and attorney fees on appeal to respondents, Clayton and Ruth Perkins.

WALTERS, C.J., and SWANSTROM, J., concur.