**In re Michael Shane O'NEILL, Debtor.**

**George HADLEY, Plaintiff,**

**v.**

**Michael Shane O'NEILL, Helen DeFrance and Shannon Schriedel, Defendants.**

**Bankruptcy No. 83–0674–8P7. Adv. No. 87–222.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 8, 1988.

David Steen, Tampa, Fla., for plaintiff.

J. Patrick McElroy, Clearwater, Fla., for defendants.

Allan C. Watkins, Tampa, Fla., for creditor, David Ebert.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Complaint filed by George Hadley (Trustee), against Michael Shane O'Neill (Debtor), Helen DeFrance, the Debtor's grandmother and Shannon Schriedel, the Debtor's sister. Through his Complaint, the Trustee seeks a determination in Count I that transfers of certain real property to the Debtor's grandmother and sister and the Debtor's execution of a mortgage in favor of the Debtor's grandmother constitute fraudulent conveyances pursuant to § 726.01 of the Florida Statutes, and thus may be avoided by the Trustee pursuant to § 544(b) of the Bankruptcy Code. Count II of the Complaint has been dismissed with prejudice by a

previous order of the Court. In Count III of the Complaint, the Trustee seeks a determination that in the event this Court determines the mortgage in favor of the Debtor's grandmother to be valid, the lien on the property secured by the mortgage should be transferred to the estate pursuant to § 510(c)(2) of the Bankruptcy Code. In opposition, the Defendants categorically deny the Trustee's allegations that the transfers were fraudulent and raise the affirmative defenses of estoppel, laches, and waiver.

The Court has considered the evidence presented at the final evidentiary hearing and finds the facts relevant to a resolution of this matter to be as follows:

On March 31, 1983, the Debtor filed his voluntary Chapter 7 Petition. On March 31, 1983, George Hadley was appointed as Interim Trustee and on June 8, 1983, he subsequently succeeded himself as permanent Trustee. On August 28, 1986, the Debtor's case was closed. On October 2, 1986, Keith Ebert, a creditor, filed a Motion to Reopen the case. On October 10, 1986, the Trustee likewise filed a similar Motion. On December 29, 1986, this Court entered an Order Reopening the case, and on June 18, 1987, the Trustee filed the Complaint under consideration.

As noted, in his Complaint, the Trustee seeks to set aside the following transfers by the Debtor. The first of these occurred on May 7, 1981, when the Debtor executed a "mortgage note" in favor of his grandmother, Helen DeFrance, in the amount of $28,000 plus interest at 10% per annum. The note states that all principal and accrued interest would be due and payable in 30 years or upon the sale of property located at 514 Keystone Avenue, Clearwater, Florida. (Trustee's Exh. No. 1) It further appears that the Debtor orally agreed to make monthly payments on the note in the amount of $245 (Trustee's Exh. No. 2). Simultaneously, the Debtor executed a third mortgage in favor of his grandmother, Helen DeFrance, on the property owned by him at 514 Keystone Avenue. It appears that the mortgage note and mortgage were executed in conjunction with a loan made by the grandmother to the Debtor for the purchase of a truck. The mortgage and note were recorded in the public records of Pinellas County, Florida on December 21, 1981.

The record further reveals that subsequently, on March 22, 1983, the Debtor executed and recorded a quitclaim deed in favor of his grandmother and thereby conveyed his entire interest in the real property at 514 Keystone Avenue to his grandmother. (Trustee's Exh. No. 4) It should be noted that the deed provided in part that the "deed is given in consideration of satisfaction in full of that certain mortgage and Mortgage Note ..." discussed previously. On March 31, 1983, the Debtor filed his Chapter 7 Voluntary Petition. It is conceded by the Debtor that the quitclaim deed was executed and the property was transferred to his grandmother to prevent the Trustee from liquidating the Debtor's interest in the property.

On November 24, 1983, even though the property was now owned by the Debtor's grandmother, the Debtor as lessor executed an agreement with Dan and Terry Carrico (Mr. and Mrs. Carrico) for the lease of the property located at 514 Keystone Avenue. Rent payments were made directly to the Debtor. (Trustee's Exh. No. 9) On August 6, 1984, the Debtor filed a Statement of Claim in the Pinellas County Court, Small Claims Division against Mr. and Mrs. Carrico to recover for losses incurred by the Debtor due to damage done by the Carricos to the property. (Trustee's Exh. No. 8) On December 21, 1984, the Small Claims Division of the Pinellas County Court entered and recorded a final judgment in favor of the Debtor and against the Carricos in the total amount of $535. (Trustee's Exh. 10) It is without dispute that the Debtor received the monies collected from the Carrico's in satisfaction of the judgment.

On February 18, 1985, the Debtor's grandmother executed a quitclaim deed conveying her interest in the same real property to the Debtor (Trustee's Exh. No. 5). The quitclaim deed was never recorded in the public records of Pinellas County, Florida.

In addition to the property transferred by the Debtor to his grandmother, the Debtor also transferred a duplex located at 1628 Druid Road in East Clearwater, Florida, to his sister, Shannon Schriedel. This transfer was accomplished pursuant to a Contract for Sale and Purchase executed by the Debtor and his sister on August 9, 1981 (Debtor's Exh. No. 2). The Contract provided in part that the purchase price for the property was to be $37,500. It is undisputed that after the transfer of the property, the Debtor continued to live in one of the duplex units, collected rents from the other duplex units, made insurance, tax, and mortgage payments on the duplex, and made all necessary repairs on the property. There was no lease agreement between the Debtor and his sister, although it appears that the Debtor made nominal payments of $50–$60 a month to his sister, who lived out of State at all times relevant.

As noted, the Trustee in Count I of the Complaint seeks to avoid the conveyances by the Debtor to his grandmother and sister pursuant to § 544(b) of the Bankruptcy Code on the grounds that the transfers would be voidable under state law by an unsecured creditor as fraudulent conveyances pursuant to Fla.Stat. § 726.01. Pursuant to § 544(b) the Trustee stands in the shoes of the unsecured creditor and may also avoid the transfers upon the showing of an actual creditor of the Debtors holding a valid, unsecured claim.

The threshold matter to be addressed in this proceeding is, of course, the validity of the affirmative defense of laches raised by the Defendants in their answer. Specifically, the Defendants contend that "Plaintiff is guilty of laches in failing to raise these issues during the administration of the estate. Plaintiff has waived his rights to bring this action." While the Defendants have inartfully plead this affirmative defense, it appears that Defendants are, in fact, raising the affirmative defense of statute of limitations, i.e., that the Complaint is time barred.

In order to determine whether the Defendants' defense has merit, § 546(a) of the Bankruptcy Code is controlling and provides in pertinent part as follows:

## § 546. LIMITATIONS ON AVOIDING POWERS

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title, or

(2) the time the case is closed or dismissed.

The "appointment of a trustee" referred to in § 546(a)(1) contemplates the appointment of a permanent trustee and not the interim Trustee. *In re Sin-ko, Inc.*, 48 B.R. 180 (Bkrtcy.Ohio 1985); *Fitzgerald v. Bertram, (In re Killian Construction Co.)*, 24 B.R. 848 (Bankr.D.Idaho 1982).

Considering the Trustee's claim as to the Debtor's transfers to his grandmother and sister, it is without dispute that the Trustee was appointed on June 8, 1983, thus the Complaint is time barred unless it was filed before two years later, that is, on or before June 8, 1985. It is without dispute that the Complaint was not filed until June 18, 1987. Based on this, the Court is satisfied that the Complaint was filed after the time period provided for in § 546 and, therefore, the Complaint is time barred.

A separate Final Judgment shall be entered in accordance with the foregoing.