In re James A. WILSON, Fay W. Wilson, Debtors.

Joe CASTLEN, Trustee, Plaintiff,

v.

OHIO VALLEY NATIONAL BANK, Defendant.

Bankruptcy No. 4–88–00087(3)7.
Adv. No. 4–88–0028.

United States Bankruptcy Court, W.D. Kentucky.

Feb. 27, 1989.

Harry Mathison, Henderson, Ky., for defendant.

Joseph W. Castlen, III, Owensboro, Ky., Trustee.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This adversary proceeding came before the Court on January 6, 1989 for trial, at which time the issue was raised as to whether this proceeding was commenced within the applicable statute of limitations. The Court requested the parties to brief the issue, and we have reviewed same. For the following reasons, we find that the Trustee's action was timely filed.

The facts are briefly stated as follows. On July 10, 1987, the debtors, James A. and Fay W. Wilson, ("debtors") executed a promissory note in favor of Ohio Valley National Bank in the amount of $146,000. More than a year later, on August 14, 1987, the debtors gave the bank a security interest in the debtors' restaurant equipment and furnishings to secure repayment of the note. Financing statements were filed in the County Clerk's office on October 14, 1987. Subsequently, the debtors filed for Chapter 7 relief on February 11, 1988, and received their discharge on June 16, 1988. On July 27, 1988, the Trustee brought this preference action under 11 U.S.C. § 544(b) to avoid the lien on the equipment and furnishings made by the debtors to the bank which the Trustee alleges is voidable pursuant to K.R.S. 378.060.

K.R.S. 378.060 provides that any transfer of property in contemplation of insolvency or with the design to prefer a creditor over other creditors, shall operate as an assignment for the benefit of all creditors. The cause of action created by the statute must be filed within six (6) months of the filing of the mortgage. K.R.S. 378.070. Before the six (6) month limitation had run, the debtors filed their Chapter 7 bankruptcy petition.

The bank contends that the Trustee's complaint, which was filed on July 27, 1988, is barred by 11 U.S.C. § 108(c). That section states as follows:

Except as provided in § 524 of this title, if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a Court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under § 1201 or § 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) thirty (30) days after notice of the termination or expiration of the stay under § 362, 722, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Under § 108(c) of the Code, if a creditor is stayed from commencing an action against the debtor because of the debtor's pending bankruptcy, then the creditor's right to bring the action is extended for thirty (30) days after notice of the termination of the stay. The bank argues that since the Trustee did not file the preference action within thirty (30) days from the date of the discharge or by July 16, 1988, he is forever barred from bringing this action.

The Trustee argues that the statute of limitations is governed by 11 U.S.C. § 546(a), rather than § 108(c) of the Code. That section provides:

(a) an action or proceeding under § 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) Two years after the appointment of a Trustee under § 702, 1104, 1163, 1302 or 1202 of this title; or

(2) The time the case is closed or dismissed.

For the following reasons, the Court agrees with the Trustee's position.

The extension of the statute of limitations provided for under § 108(c) of the Code strictly applies to a creditor having a claim *against the debtor* who is stayed from commencing or continuing an action on that claim during the pendency of the bankruptcy case. We do not interpret that section to also apply to preferential transfer actions instituted by the Trustee. While it is true that the Trustee is acting on behalf of the creditors when filing a preferential transfer case, such an action is always against a third party creditor and not the debtor. On the other hand, § 546(a) speaks directly to the question of the appropriate statute of limitations in a case pursued under 11 U.S.C. § 544(b).

Under § 546(a), the Trustee may file the preference action within two (2) years from the date of his appointment or before the case is closed or dismissed.

The holding in the case of *Scott–Frederick Motor Co.,* 177 F.Supp. 758 (E.D.Ky. 1959) supports this Court's position. In that case, the Court held that the six (6) month limitation provided by the Kentucky Statutes (K.R.S. § 378.070) for the filing of an action to void preferences under K.R.S. § 378.060 is extended by § 11(e) of the Bankruptcy Act of 1898 (presently 11 U.S.C. § 546) to a period of two (2) years subsequent to adjudication in bankruptcy. Finally, the Court takes note of the case of *In re Baird,* 63 B.R. 60 (W.D.Ky.1986) cited to us by the bank, but finds it factually distinguishable from the case at bar.

In summary, we find that 11 U.S.C. § 546(a) governs the statute of limitations in a preference action filed pursuant to § 544(b) of the Code. Accordingly, the Court concludes that the Trustee has timely filed this preference action and, therefore, the case shall be set for trial.

An order consistent with this Opinion will be entered this day.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.Pro. 7052.