**In re Robert C. HANSEN, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**W. Arthur HANSEN, Defendant.**

**Bankruptcy No. 87–0094.**
**Related Case No. 83–02074.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 20, 1990.

Steven Diller, Van Wert, Ohio, for plaintiff.

Charles D. Hering, Jr., Tiffin, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Trustee's Motion for Summary Judgment on his Complaint For Judgment on Fraudulent Transfer against W. Arthur Hansen. The Court has reviewed the written arguments of counsel, the depositions and other evidence, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Trustee's Motion for Summary Judgment should be denied.

## FACTS

On December 22, 1961, Robert C. Hansen, the Debtor in this case, and Barbara J. Hansen were married. On December 8, 1976, Robert C. Hansen purchased a One Hundred Eighty (180) acre farm (hereinafter "the Home Farm"), some farm machinery and grain equipment for One Hundred Fifty Thousand Dollars ($150,000.00) from the Defendant, W. Arthur Hansen. *See,* Exhibit 1. W. Arthur Hansen is the father of Robert Hansen.

Robert Hansen operated the farm and used its facilities to conduct his grain purchase and resale business. It is not disputed that W. Arthur Hansen did not have, at any time, a perfected security interest in the farm machinery and grain equipment. However, the business was conducted on real estate sold to Robert Hansen on a land contract by W. Arthur Hansen.

Under the terms of the land contract, if Robert Hansen did not keep the payments current, W. Arthur Hansen had the "right, but not the duty, to pay any charges which are obligations payable" by Robert Hansen. *See,* Exhibit 1, Paragraph 7. Any obligations paid by W. Arthur Hansen were

to be added to the amount owed by Robert C. Hansen. *Id.*

On October 13, 1981, the Defendant commenced a foreclosure action in Tiffin Municipal Court against Robert Hansen's interest in the One Hundred Eighty (180) acres subject to the land contract. The forfeiture action was begun after W. Arthur Hansen learned that Robert Hansen was going to be divorced from his wife. *See,* Exhibit 6, at 29. Robert Hansen did not file any response to the foreclosure action. No action has ever been filed by W. Arthur Hansen on the farm machinery or the grain equipment.

In January of 1982, Robert C. Hansen "transferred" all of his farm machinery and grain handling equipment to the Defendant. W. Arthur Hansen asserts that the transfer was made in return for mortgage payments which he made on the Three (3) mortgages that both he and his son had signed, and the assumption of a number of Robert Hansen's debts, totalling Three Hundred Forty-seven Thousand Five Hundred Seventy-four Dollars and Fifty Cents ($347,574.50).

On March 9, 1982, a judgment was issued in the Tiffin Municipal Court foreclosure proceeding, awarding the real estate to W. Arthur Hansen. *See,* Exhibit 7. The judgment did not specifically include or exclude the farm machinery and grain equipment. On July 16, 1982, the domestic relations court issued a decree of divorce, which was subsequently appealed by Robert Hansen.

Robert C. Hansen filed a Chapter 7 Petition on November 23, 1983, and the Plaintiff, John J. Hunter accepted his interim appointment as Trustee for the estate on December 7, 1983. The first meeting of creditors was held on January 5, 1984, and Mr. Hunter became the permanent Trustee at that time. The Trustee subsequently filed the instant Complaint on May 20, 1987.

## LAW

### I. THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT.

The Trustee's Motion for Summary Judgment is governed by Federal Rule of Civil Procedure 56(c), which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*See,* Bankruptcy Rule 7056 and Fed.R. Civ.P. 56(c).

If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *U.S. v. Porter,* 581 F.2d 698, 703 (8th Cir.1978); *U.S. v. Feinstein,* 717 F.Supp. 1552, 1555 (S.D.Fla. 1989); *Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc.,* 659 F.Supp. 526, 529 (W.D.Mo.1987). Summary judgment is not "a disfavored procedural shortcut". Rather, it is an "integral part of the Federal Rules as a whole". *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265, 276 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. A motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970).

### II. THE STATUTE OF LIMITATIONS ISSUE.

The first issue raised by the Defendant is the timeliness of Plaintiff's Complaint. The Trustee's Complaint is based on two statutes. The Trustee's standing to bring this action is derived from his status as an actual unsecured creditor under Bankruptcy Code Section 544(b). Using that status, the Trustee seeks to avoid the transfer of the farm machinery and grain equipment based upon Ohio's fraudulent conveyance

law, O.R.C. § 1336.01 *et seq.* Initially, the Court will assume that the time allowed for bringing an action under § 544 is governed by 11 U.S.C. Section 546(a)(1), which provided:

> § 546 **Limitations on avoiding powers.**
> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>> (1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and
>> (2) the time the case is closed or dismissed.

The Defendant argues that under the above statute the Trustee's Complaint is not timely filed. The Trustee accepted his appointment as interim Trustee on December 7, 1983, and became the permanent Trustee on January 5, 1984. *See,* Exhibit 4, *Transcript of § 341 First Meeting of Creditors,* at 3. However, the instant Complaint was not filed until May 20, 1987, more than Three (3) years after the appointment of the Trustee. The Trustee contends that the time should be tolled because evidence of the fraudulent transfer was concealed by the Debtor. *See, Complaint For Judgment on Fraudulent Transfer,* at ¶ 13.

The statute of limitations issue raised by the Defendant has been the subject of frequent litigation. It involves difficult questions of the proper balance between "plain meaning" and equitable policy considerations. *White v. Boston,* 104 B.R. 951, 956 (S.D.Ind.1989).

## II(A). WHEN DOES THE STATUTE OF LIMITATIONS BEGIN TO RUN?

The initial question is, when did the trustee's statute of limitations begin to run? Was it from the date of the trustee's interim appointment, or from the date of his permanent appointment? A recent decision of the Ninth Circuit Bankruptcy Appellate Panel discusses the relevant statutes. *See, In re Conco Building Supplies, Inc.,* 102 B.R. 190, 191–192 (9th Cir. BAP 1989). In *Conco,* the court noted that § 546(a)(1) commences the running of stat-utory time limit after the appointment of a trustee under 11 U.S.C. § 702.

Section 702 stated, in pertinent part:

(b) *At the meeting of creditors under section 341 of this title,* creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote....

\* \* \* \* \* \*

(d) If a trustee is not elected under subsection (c) of this section, then the interim trustee shall serve as trustee in the case.

11 U.S.C. § 702 (1983) (emphasis added).

Based on the statutory language, the *Conco* court held that the two year time limitation does not begin to run until the election or qualification of a permanent trustee at the § 341 meeting of creditors. *In re Conco Building Supplies, Inc.,* 102 B.R. at 191–192. This is clearly the majority view. *See, In re Young,* 97 B.R. 679, 680 (Bankr.N.D.Ga.1988); *In re Metro Shippers Inc.,* 95 B.R. 366, 369 (Bankr.E.D.Pa.1989); *In re O'Neill,* 94 B.R. 739, 741 (Bankr.M.D.Fla.1988); *In re Southard,* 91 B.R. 160, 163 (Bankr.M.D.Fla.1988); *In re Afco Development Corp.,* 65 B.R. 781, 785 (Bankr.D.Utah 1986); *In re North American Dealer Group, Inc.,* 62 B.R. 423, 426 (Bankr.E.D.N.Y.1986); *In re Outlet Department Stores, Inc.,* 49 B.R. 536, 538 (Bankr.S.D.N.Y.1985); *In re Sin–Ko Inc.,* 48 B.R. 180, 181 (Bankr.N.D.Ohio 1985); *In re Black and Geddes, Inc.,* 35 B.R. 827, 828–829 (Bankr.S.D.N.Y.1983); *In re Killian Construction Co.,* 24 B.R. 848, 849–850 (Bankr.D.Idaho 1982). Here, the Trustee having become "permanent" at the § 341 meeting on January 5, 1984, the Complaint was filed more than One (1) year and Four (4) months after expiration of the time period allowed under § 546.

## II(B). THE FEDERAL EQUITABLE TOLLING DOCTRINE.

Despite the ostensible lateness of his Complaint, the Trustee appears to contend that the filing was timely because the fraud was concealed by Robert Hansen. *See, Complaint For Judgment on Fraud-*

*ulent Transfer*, at 13. Thus, the question becomes, under what circumstances is the statute of limitations tolled?

In *White v. Boston, supra,* the court discussed the history of the federal equitable tolling doctrine. *See, White v. Boston,* 104 B.R. at 956. This doctrine was first applied by the United States Supreme Court in a 1875 Bankruptcy case. *See, Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875). The equitable tolling doctrine was later extended to apply to every federal statute of limitations. *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743, 748 (1946); *Ott v. Midland–Ross Corp.,* 600 F.2d 24, 30 (6th Cir. 1979); *Chrysler Workers Association v. Chrysler Corp.,* 663 F.Supp. 1134, 1151 (N.D.Ohio 1986); *In re Candor Diamond Corp.,* 76 B.R. 342, 350 (Bankr.S.D.N.Y. 1987).

■ Traditionally, the accrual of a cause of action is tolled by the equitable tolling doctrine when a plaintiff can demonstrate the fraudulent concealment of critical facts. *See, Diminnie v. United States,* 728 F.2d 301, 305 (6th Cir.1984), *cert. denied,* 469 U.S. 842, 105 S.Ct. 146, 83 L.Ed.2d 85 (1984); *Ott v. Midland–Ross Corp.,* 600 F.2d at 31; *Chrysler Workers Association v. Chrysler Corp.,* 663 F.Supp. at 1151; *In re Ahead By A Length,* 100 B.R. 157, 163–164 (Bankr.S.D.N.Y.1989); *In re Candor Diamond Corp.,* 76 B.R. at 350.

A plaintiff seeking to invoke the equitable tolling doctrine must meet several criteria, which are detailed by United States District Judge John W. Potter in *Chrysler Workers:*

> Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action. Mere silence of the defendant and failure of the plaintiff to learn of the right of action, alone, are not sufficient. *Curry v. A.H. Robins,* 775 F.2d 212, 218 (7th Cir.1985).
>
> After plaintiffs should have discovered that they had a cause of action, there is no tolling of the applicable statute of

limitations period. *See generally, Dayco v. Goodyear Tire & Rubber Co.,* 523 F.2d 389 (6th Cir.1975). *Cf. Norton–Children's Hospitals, Inc. v. James E. Smith & Sons, Inc.,* 658 F.2d 440, 444 (6th Cir.1981). The party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. *See, e.g., Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d at 394. In order to establish fraudulent concealment tolling the running of the applicable statute of limitation period, plaintiffs must establish, "(1) wrongful concealment of their actions by the defendant; (2) failure of the plaintiff[s] to discover the operative facts that are the basis of ... [their] cause of action within the limitation period; and (3) plaintiff[s]' ... due diligence until discovery of the facts." *Id.,* at 394, *citing, Weinberger v. Retail Credit Co.,* 498 F.2d 552 (4th Cir. 1974). An injured party has a positive duty to use diligence in discovering his cause of action within the limitation period. "Any fact that should excite his suspicion is the same as actual knowledge of his entire claim." *Dayco,* 523 F.2d at 394. Indeed, "the means of knowledge are the same thing in effect as knowledge itself." *Wood v. Carpenter,* 101 U.S. 135, 143 (Otto), 25 L.Ed. 807 (1879).

> In order to toll the running of the statute of limitations period applicable to plaintiffs' causes of action based on the alleged fraudulent concealment of material facts by the defendants, plaintiffs must establish that defendants affirmatively acted to induce delay on the part of the plaintiffs in commencing their lawsuit. A plaintiff's ignorance of his cause of action does not, by itself, satisfy the requirements of due diligence, nor will it toll the statute of limitations. *Campbell v. Upjohn Co.,* 676 F.2d 1122, 1127 (6th Cir.1982), *citing, Akron Presform Mold Co. v. McNeil Corp.,* 496 F.2d 230, 234 (6th Cir.1974), *cert. denied,* 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974).

*Chrysler Workers Ass'n v. Chrysler Corp.,* 663 F.Supp. at 1151–1152

In the present case, it is not clear what specific facts were concealed by either Robert Hansen or W. Arthur Hansen. While the Trustee's Complaint contains a general statement that facts were concealed, it does not appear to be the detailed recitation required by *Dayco* and *Chrysler Workers*. Moreover, a review of the Transcript of the § 341 First Meeting of Creditors casts doubt on the Trustee's ability to establish the existence of the type of concealment needed to toll the bar date under § 546(a). *See*, Exhibit 4, *Transcript of § 341 First Meeting of Creditors*, at 15–16. Thus, if the statute of limitations found in § 546(a) is applicable, Plaintiff's Motion for Summary Judgment should be denied.

## II(C). THE STATE STATUTE OF LIMITATIONS.

A complicating factor in this matter is the relationship between the Ohio fraudulent conveyance statute and the federal statute which gives the Trustee the rights of an actual unsecured creditor. Under Ohio law, the statute of limitations for a fraudulent conveyance action under O.R.C. ch. 1336 is set forth in O.R.C. § 2305.09, which permits an action for fraud to be brought "within four years after the cause thereof accrued". *See*, O.R.C. § 2305.09; *Combs v. Watson*, 32 Ohio St. 228, 234 (Ohio 1877); *In re Flexible Artcraft Graphics Unlimited, Inc.*, 74 B.R. 917, 920 (Bankr.N.D.Ohio 1987); 24 O.Jur.3d *Creditors' Rights* § 876 (1980).

## II(D). TOLLING THE STATE STATUTE OF LIMITATIONS.

The Sixth Circuit Court of Appeals has addressed the rules associated with O.R.C. § 2305.09, which includes a tolling provision delaying the running of the four year limitations period until the fraud is discovered:

> Under Ohio Revised Code § 2305.09, a cause of action for fraud must be brought within four years after the fraud was or should have been discovered. No more than a reasonable opportunity to discover the fraud is required to start the period of limitation. *Gaudin v. K.D.I. Corp.*, 417 F.Supp. 620, 629 (S.D. Ohio 1976), *aff'd*, 576 F.2d 708 (6th Cir. 1978). Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence. *Militsky v. Merrill, Lynch, Pierce, Fenner and Smith*, 540 F.Supp. 783, 787 (N.D.Ohio 1980) Once sufficient indicia of fraud are shown, a party cannot rely on its unawareness or the efforts of the opposition to lull it into a false sense of security to toll the statute. *Id.* at 786–787.

*Au Rustproofing Center, Inc. v. Gulf Oil Corp.*, 755 F.2d 1231, 1237 (6th Cir.1985).

In addition, the Ohio Supreme Court has held that if a complaint shows, on its face, that the action was filed more than four years after the conveyance, it must contain an averment that the fraud was not discovered prior to four years before the action was commenced. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 174, 297 N.E.2d 113, 121–122 (Ohio 1973).

In the present case, the Trustee's Complaint is based upon a transfer which occurred in January of 1982. This action was not filed until May 20, 1987, more than five years after Robert Hansen transferred the machinery and equipment to W. Arthur Hansen. A review of the Trustee's Complaint does not reflect any averments detailing the date on which the cause of action was discovered. If the state statute of limitations is applicable, this defect in the Complaint would also appear to preclude the granting of Summary Judgment.

## II(E). OTHER BANKRUPTCY TOLLING PROVISIONS.

It should also be noted that the Bankruptcy Code contains a tolling provision which extends the time within which a trustee may timely commence certain actions. In 1983, Section 108(a) stated [1]:

---

**1.** This statute was amended in 1984. However, the earlier version was in effect at the time of filing, and is controlling in this case. *See, Amb-* *rose Branch Coal Co., Inc. v. Tankersley*, 106 B.R. 462, 464 n. 2 (W.D.Va.1989).

(a) If applicable law ... fixes a period *within which the debtor may commence an action,* and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) two years after the order for relief.

This provision only extends the time within which a trustee can file a complaint based upon a cause of action which could have been brought by the debtor at time the bankruptcy was commenced. In the present case, § 108(a) cannot be utilized by the Trustee because he is not "standing in the shoes" of the Debtor. Instead, his Complaint is brought under § 544(b), which gives a trustee the status of an actual unsecured creditor. Accordingly, § 108(a) does not apply to extend the Trustee's time to file this action. *See, In re Ward,* 42 B.R. 946, 950 (Bankr.M.D.Tenn.1984); *In re Radcliffe's Warehouse Sales, Inc.,* 31 B.R. 827, 832 (Bankr.W.D.Wash.1983).

## II(F). WHICH TOLLING PROVISION APPLIES?

■ Returning to the relationship between the federal and state statute of limitations, the question remains, which tolling provision governs this action? Is the Trustee proceeding under state fraudulent conveyance law, governed by O.R.C. § 2305.09? Or, is this an action brought under the Trustee's avoiding powers as provided by § 544(b), which would make the two year limitation of § 546(a) applicable? Clearly, both O.R.C. ch. 1336 and 11 U.S.C. § 544(b) are necessary if the Trustee is to recover the transferred equipment. The case law which addresses this question is not completely harmonious, and is somewhat fragmented due to the variety of circumstances under which these statutes have been construed.

## II(F)(1). THE ROBBINS CASE: LOOKING TO THE STATE STATUTE.

The only similar case which appears to support application of the longer state statute of limitations is *In re Robbins,* 91 B.R. 879, 883 (Bankr.W.D.Mo.1988). The *Robbins* court quoted *In re Josefik,* 72 B.R. 393 (Bankr.N.D.Ill.1987) as authority for the longer limitations period:

Since the bankruptcy court is applying the forum state's substantive law of fraudulent conveyance in actions brought under Section 544(b), the bankruptcy court is required to apply the forum state's statute of limitations governing fraudulent conveyances.

*In re Robbins,* 91 B.R. at 883, *quoting, In re Josefik,* 72 B.R. at 397 n. 4.

Initially, the Court notes that the *Josefik* footnote dealt with an issue which was not essential to the determination of the matter before the court. The sole plaintiff in the *Josefik* case was Old Orchard Bank & Trust Company, an actual creditor of the debtor. Consequently, § 544(b) would not be relevant to the *Josefik* decision because the provisions of the statute only apply to trustees. *See, e.g., Bauer v. Commerce Union Bank, Clarksville, Tennessee,* 859 F.2d 438, 440–441 (6th Cir.1988); *Nebraska State Bank v. Jones,* 846 F.2d 477, 478 (8th Cir.1988); *In re Fritz,* 88 B.R. 434, 435–436 (Bankr.S.D.Fla.1988); *In re Korvettes, Inc.,* 67 B.R. 730, 733 (S.D.N.Y.1986); *Steel, Inc. v. Windstein,* 55 B.R. 426, 428 (Bankr.E.D.La.1985).

Section 544(b) simply allows the avoidance of certain transfers by cloaking the trustee with the rights of an actual unsecured creditor. Old Orchard already enjoyed that status by virtue of the debtor's personal guarantee to the bank. Clearly, § 546(a) does not limit the timeliness of a complaint that does not state a cause of action under Sections 544, 545, 547, 548, 553. Accordingly, the *Josefik* footnote must be considered dicta.

Further, while *Josefik* and *Robbins* hold that the forum state's statute of limitations are to be held sacrosanct, other provisions of the Code alter state limitation periods. For example, under § 108(a), a state statute of limitations for a cause of action belonging to the debtor is extended for the trustee if time has not expired prior to the

date the petition was filed. *Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1461 (5th Cir.1987); *In re Radcliffe's Warehouse Sales, Inc.*, 31 B.R. 827, 830 (Bankr.W.D. Wash.1983). The state limitations period is also extended by § 546(a) when the trustee is proceeding under § 544(b), using the status of an unsecured creditor who could have brought the action when the petition was filed. *See, In re Dry Wall Supply, Inc.*, 111 B.R. 933, 935–936 (D.Colo.1990); *In re McDowell*, 87 B.R. 554, 558 (Bankr.S. D.Ill.1988); *In re Turner*, 78 B.R. 166, 168 (Bankr.E.D.Tenn.1987); *In re Silver Wheel Freightlines, Inc.*, 64 B.R. 563, 568 (Bankr. D.Or.1986). Further, when a trustee is not appointed in a Chapter 11 case, and the case is later converted to a liquidation, the two year extension provided by § 546(a) does not begin to run until the appointment of the Chapter 7 trustee. *See, In re Korvettes, Inc.*, 67 B.R. at 733–734; *In re AOV Industries, Inc.*, 62 B.R. 968, 972–974 (Bankr.D.Dist.Col.1986); *Matter of Choice Vend, Inc.*, 49 B.R. 719, 720 (Bankr.D. Conn.1985); *In re One Marketing Co., Inc.*, 17 B.R. 738, 739–740 (Bankr.S.D.Tex. 1982).

The Code's lack of concern for state statutes of limitations is even more evident when a trustee is appointed under one Chapter, and the case is subsequently converted to a different Chapter. While there is a split of authority on this issue, many courts would allow the trustee appointed after the conversion to have the full two years provided by § 546(a) to bring any state law cause of action that could have been filed by an actual unsecured creditor at the time of the commencement of the case. *Cf., In re Grambling*, 85 B.R. 675, 676–677 (Bankr.D.Conn.1988); *In re Moody*, 77 B.R. 566, 574 (Bankr.S.D.Tex. 1987); *In re Afco Development Corp.*, 65 B.R. 781, 782–783 (Bankr.D.Utah 1986). *But cf., In re Sandra Cotton, Inc.*, 92 B.R. 595, 597 (Bankr.W.D.N.Y.1988); *In re Missouri River Sand & Gravel, Inc.*, 88 B.R. 1006, 1012 (Bankr.D.N.D.1988); *In re Chequers, Ltd.*, 59 B.R. 177 (Bankr.W.D.Pa. 1986).

The other case cited by the *Robbins* court as supporting the longer state stat-ute of limitations period is *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000 (7th Cir.1984). *Suslick* involved a securities law issue brought by the executrix of the estate of Alvin Suslick. In the key passage cited by the *Josefik* and *Robbins* courts, the Seventh Circuit indicated that "because there is no general federal statute of limitations ... the appropriate statute of limitations is the three-year statute of limitation imposed by [the Illinois statute]." *Suslick v. Rothschild Securities Corp.*, 741 F.2d at 1004.

The *Suslick* decision is readily distinguishable from the case at bar. At the most basic level, the Seventh Circuit Court of Appeals was not construing the Bankruptcy Code. Here, the Trustee's action to avoid a fraudulent conveyance under state law, as authorized by § 544(b), is a proceeding arising under Title 11. *See, In re Harbour*, 840 F.2d 1165, 1171 (4th Cir.1988); *Carlton v. Baww, Inc.*, 751 F.2d 781, 787 (5th Cir.1985) (both cases discussing jurisdictional issues). In the reported opinions which have considered the precise issue currently before this Court, the majority of decisions have held that there *is* a specific federal statute of limitations for actions such as case at bar. The statute is § 546(a). *See, e.g., In re Dry Wall Supply, Inc.*, 111 B.R. at 936; *In re Wilson*, 106 B.R. 125, 126 (Bankr.W.D.Ky.1989); *In re Petty*, 93 B.R. 208, 212 (9th Cir. BAP 1988); *In re Afco Development, Corp.*, 65 B.R. 781, 785 (Bankr.D.Utah 1986); 4 *Collier on Bankruptcy*, ¶ 546.02 at 546–8 (15th ed. 1989).

II(F)(2). CASES HOLDING THAT § 546(a) LIMITS THE TIME FOR FILING.

The language found in § 546(a) specifically provides for a two year limitations period for actions commenced under § 544. § 546(a) does not distinguish between § 544(a) and § 544(b). *In re Mahoney, Trocki & Associates, Inc.*, 111 B.R. 914, 917 (Bankr.S.D.Cal.1990). Thus, the language of § 546(a) appears to support a finding that it was intended to limit the time within which a trustee may commence

a cause of action under § 544(b). *See,* § 546(a).

The majority of case law supports the shorter limitations period set forth in § 546(a). For example, in *Flexible Artcraft, supra,* United States Bankruptcy Judge Harold F. White considered the question of which statute of limitation takes precedence when a trustee brings a cause of action under both § 544(b) and state fraudulent conveyance law. In that decision, the court concluded that § 546(a)'s shorter two year limitations period applied. *See, In re Flexible Artcraft Graphics Unlimited, Inc.,* 74 B.R. 917, 920 (Bankr.N.D. Ohio 1987) (citing cases).

A review of the more recent reported decisions supports *Flexible Artcraft's* position. *See, In re Mahoney, Trocki & Associates, Inc.,* 111 B.R. at 917; *In re Wilson,* 106 B.R. 125, 126 (Bankr.W.D.Ky. 1989); *In re Ahead By A Length*[2], 100 B.R. 157, 164 (Bankr.S.D.N.Y.1989) (citing pre-Code cases); *In re O'Neill,* 94 B.R. 739, 741 (Bankr.M.D.Fla.1988); *In re Southard,* 91 B.R. 160, 163 (Bankr.M.D.Fla.1988). Therefore, based on the statutory language of § 546(a), and the authorities cited above, the Court finds that the shorter two year period is the applicable statute of limitations in this case.

Based on the foregoing, the Plaintiff must show that the two year deadline for filing this action was extended by the federal equitable tolling doctrine. Any extension of time which the Trustee might be entitled to under O.R.C. § 2305.09 would not toll the two year federal time limit imposed upon trustees by § 546(a). If the Trustee cannot meet the requirements set forth in *Dayco* and *Chrysler Workers, supra,* the Complaint must be dismissed. *See, In re Petty,* 93 B.R. at 211.

## III. STATE LAW ISSUES.

■ The Defendant also cites O.R.C. § 1336.03 in opposition to the Plaintiff's Motion for Summary Judgment. The Ohio statute states:

**1336.03  Fair Consideration**

Fair consideration is given for property, or obligation:

(A) When in exchange for such property, or obligation, as a fair equivalent in exchange therefor, and in good faith, property is conveyed or an antecedent debt is satisfied. . . .

Under this provision, satisfaction of an antecedent debt can serve as consideration under Ohio law. There is no dispute that W. Arthur Hansen assumed a number of Robert C. Hansen's debts. In addition, looking at the facts in the light most favorable to the party opposing the Motion for Summary Judgment, the total amount of the debts assumed does not appear to be unduly disproportionate to the value of the farm machinery and grain equipment.

"Ohio follows the general rule that in an action to set aside a conveyance as fraudulent, the burden of proof rests upon the plaintiff to prove the existence of fraud, specifically, by showing that there was not fair consideration." *Cardiovascular & Thoracic Surgery of Canton, Inc., v. DiMazzio,* 37 Ohio App.3d 162, 524 N.E.2d 915 (Ohio Ct.App.1987). Thus, on Summary Judgment, the record does not permit a finding that the consideration was inadequate under Ohio law. *See,* Affidavit of W. Arthur Hansen, and attached exhibits.

Equally important is the fact that the Debtor and the Plaintiff treated the assumption of the antecedent debts by W. Arthur Hansen as terminating Robert Hansen's obligations under the notes. *See, Cellar Lumber Co. v. Holley,* 9 Ohio App.2d 288, 224 N.E.2d 360 (Ohio Ct.App. 1967). The debts assumed were not listed as obligations of Robert Hansen in his Petition, and no Claims have been filed by the lenders involved. Accordingly, viewing the facts in the light most favorable to the Defendant, Summary Judgment must also be denied on this basis.

**2.** Note that while the court in *Ahead By A Length* applied the shorter § 546(a) limitations period to the causes of action arising under § 544(b), the court also properly held that the longer state law statute of limitations *could* be used for the claim asserted by the trustee as successor to the debtor under § 108(a). *See, Ahead By A Length,* 100 B.R. at 165.

Finally, the Plaintiff–Trustee has made a number of arguments based upon the presence of certain "badges of fraud" in this case. It has been stated that "badges of fraud" are circumstances so frequently attending fraudulent transfers that the inference of fraud arises from them. *Cardiovascular & Thoracic Surgery v. DiMazzio*, 37 Ohio App.3d at 166, 524 N.E.2d 915; *In re Poole*, 15 B.R. 422, 431–432 (Bankr.N.D. Ohio 1981). Upon a showing that a number of badges of fraud exist, the burden of proof can shift to the transferee or defendant to rebut the inference. *Cardiovascular*, 37 Ohio App.3d at 166, 524 N.E.2d 915.

The problem with the Trustee's position, independent of the issues previously discussed, is that this matter is before the Court on Summary Judgment. *See generally, Department of Revenue v. Rudd*, 545 So.2d 369, 372 (Fla.Dist.Ct.App.1989); *Lind v. Perkins*, 107 Idaho 901, 903–904, 693 P.2d 1103, 1105–1106 (Idaho Ct.App.1984). *Estate of Lane v. Lane*, 631 P.2d 103, 106 (Alaska 1981). Thus, the facts in this case must be construed in the light most favorable to the party opposing the Motion. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608, 26 L.Ed.2d at 154.

▮ While badges of fraud permit an inference of fraud, they do not require it. *See generally, Jones v. Central National Bank of St. Johns*, 547 N.E.2d 887, 890 (Ind.Ct.App.1989); *Estate of Lane v. Lane*, 631 P.2d at 106. In Ohio, it appears that proof of a sufficient number of badges of fraud can give rise to a rebuttable presumption. *Cardiovascular*, at 166. Therefore, even if the Court were to find the presumption warranted in this case, it appears that the evidence would have to be so overwhelming that no rebuttal would be possible. *Cf, Jones v. Central National Bank of St. Johns*, 547 N.E.2d at 891.

This Court's discussion also appears to be in agreement with an unpublished decision issued by the Ohio Court of Appeals for Auglaize County. In *Gorman v. Coil*, the appellate court reversed the granting of summary judgment in favor of the plaintiff based on the presence of badges of fraud. From the court's opinion, it appears

that although badges of fraud had been found to exist, the lower court's decision was reversed. *Gorman v. Coil*, 1981 WL 6697 (Ohio Ct.App.1981). The decision was reversed not only on the issue of insolvency, but also on the issue of fraudulent intent. *Id.*

Based on the above discussion, the Court finds that the presence of certain badges of fraud is not sufficient to warrant the granting of Summary Judgment in this case.

## IV. CONCLUSION.

The Motion for Summary Judgment should be denied because the underlying Complaint was not filed within Two (2) years of the Trustee's "permanent" appointment. The Court could not find, based on the evidence properly before it, that the federal equitable tolling doctrine should apply to extend the statute of limitations in this case. In addition, on the merits, there were genuine issues of material which prevented the granting of the Trustee's Motion.

The Defendant did not file a Cross–Motion for Summary Judgment. Thus, the Court cannot address the propriety of dismissing this Complaint based on the Defendants assertion that it is time-barred.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Trustee's Motion for Summary Judgment be, and is hereby, Denied.