**Julie JACOBY, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 07 Civ. 4627(LAK).**

United States District Court, S.D. New York.

Jan. 23, 2009.

---

Scott Madison Riemer, Scott M. Riemer, New York, NY, Jonathan M. Feigenbaum, Phillips & Angley, Boston, MA, for Plaintiff.

Christina Bost–Seaton, Troutman Sanders LLP, New York, NY, David E. Constine, Troutman Sanders LLP, Richmond, VA, for Defendant.

## ORDER

LEWIS A. KAPLAN, District Judge.

Plaintiff moves for an order compelling production of documents responsive to two requests and answers to interrogatories as well as enlarging the discovery period in light of defendant's failure to make any meaningful discovery thus far in the action.

Defendant responded to plaintiff's two document requests and interrogatories with boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy. It fact produced no documents and answered no interrogatories. Its responses are a paradigm of discovery abuse.

Now, in response to plaintiff's motion to compel, defendant points to the fact that there was a meeting between counsel on December 19, 2008 at which, it claims, it then agreed to produce much of the requested information. It further asserts that plaintiff's counsel "appeared to agree" to certain limitations on its requests. It is undisputed, however, that defendant still has produced to discovery at all. Plaintiff's counsel, moreover, denies that there was any agreement that limited plaintiff's right to seek the rest of the discovery she sought.

A number of the issues tendered by the motion papers are susceptible of swift resolution by the Court as follows:

1. All of defendant's claims of undue burden are unsubstantiated and overruled. Defendant may not fail to produce any requested document on that ground.

2. Defendant's contention that it should not be ordered to produce certain requested materials because defendant does not possess them is insufficient and, in any case, beside the point. Defendant is obliged to produce requested materials that are within its possession, custody or control, not merely those within its possession. *See, e.g.,* *United States v. Stein,* 488 F.Supp.2d 350, 360–64 (S.D.N.Y.2007); *In re NTL Secur. Litig.,* 244 F.R.D. 179, 194–96 (S.D.N.Y.2007) (Peck, M.J.); *In re Auction Houses Antitrust Litig.,* 196 F.R.D. 444 (S.D.N.Y.2000). More broadly, an assertion that requested materials are not in the possession, custody or control of a party is not a valid objection to a discovery request for the simple reason that the Federal Rules do not require production of such materials. Rather, such an assertion is pertinent in defense of a charge by the requesting party that the requested party improperly failed to produce requested

materials. Accordingly, this objection too is overruled. The question whether defendant does not possess, have custody of or control any requested materials can be dealt with if, as and when plaintiff contends that it has improperly failed to produce.

■ 3. Defendant's contention that "[a]n appropriate protective order is necessary before [its BMS Claims Manual and SIU Reference Manual] are produced" is without merit in light of its failure even to offer an explanation as to why that is so. Moreover, plaintiff has pointed out that these documents already were produced in another action without benefit of any protective order and, for this and other reasons, are not confidential. Defendant shall produce them.

■ 4. Plaintiff seeks an order compelling Hartford to obtain and produce certain materials from UDC and MAG, entities that Hartford asserts are "independent third parties, over whom Hartford has no control." It is far from clear that Hartford's contention that it has no control over these entities is consistent with the facts. In denying summary judgment, I referred to evidence in another litigation that UDC in a recent year derived about 75 percent of its revenues from Hartford, and there plainly is a significant relationship between each of these entities and the defendant. That of course does not alone prove that Hartford controls either. But it does suggest the real possibility that a serious effort by Hartford to use such influence as it may have would result in production of all or some of the requested material without the need for satellite litigation in Massachusetts, where one or both of these entities apparently are located. In these circumstances, Hartford is directed to cause the production of the requested materials that are in the hands of UDC and MAG. Should it fail to do so, and should plaintiff press the point, a hearing concerning the relationships between Hartford and each of these entities and the nature of Hartford's efforts to secure their cooperation could prove necessary. *See generally In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444 (compelling corporation to answer interrogatories by, among other things, furnishing information in the hands of a former officer, but leaving the question whether sanctions should be imposed for any failure to do so for later determination if necessary). Of course, plaintiff may wish to consider whether seeking enforcement of its outstanding subpoenas to UDC and MAG might achieve her desired result more quickly and certainly that pursuing this issue with Hartford.

Apart from these fundamental issues, the parties' papers leave unclear the extent of the remaining disagreements between the parties. Accordingly, counsel are directed to meet and confer within one week and to submit to the Court an itemized list of unresolved discovery issues with a brief statement of their respective positions on each. The Court will hear the parties on any such issues on February 6, 2009 at 9:00 a.m.

In view of the fact that the requested extension of discovery has been sought by plaintiff only because defendant, UDC and MAG have not complied with its discovery requests, the deadline for completion of discovery by the plaintiff is extended until March 31, 2009. No one has suggested that defendant needs any extension, let alone a justification for it. So I decline to extend defendant's time for the conduct of discovery.

Plaintiff's motion to compel and for other relief [docket item 42] is granted to the extent that:

(a) Defendant's objections based on alleged undue burden all are overruled. Defendant may not decline to answer any interrogatory or produce any requested document on that ground.

(b) Defendant's objections based on claims that requested documents or information are not within its possession, custody or control all are overruled. Defendant may not decline to answer any interrogatory or produce any requested document on that ground. This is without prejudice to any contention by the defendant that sanctions should not be imposed because a failure to answer or produce was justified because the requested information or documents were not within its possession, custody or control.

(c) Defendant shall produce the BMS Claims Manual and SIU Reference Manual and all documents that it agreed on December 19, 2008 to produce no later than January 30, 2009.

(d) Defendant, no later than January 30, 2009, shall respond fully to all interrogatories to which it agreed on December 19, 2008 that it would respond.

(e) Defendant's objection to being ordered to produce documents in the possession of UDC and MAC is overruled on the basis set forth above. Those documents shall be produced no later than January 30, 2009. This is without prejudice to any contention by the defendant that sanctions for the failure to do so should not be imposed because the requested documents were not within its possession, custody or control.

It is denied in all other respects, albeit without prejudice as indicated above.

While the Court, in the exercise of discretion, will not impose sanctions on defendant for necessitating this motion, despite the fact that at least a significant number of its positions were not substantially justified, defendant would be well advised to avoid meritless efforts to avoid or stall discovery in the future.

SO ORDERED.