IN RE: David E. TERRELL, Debtor.

David E. Terrell, Plaintiff,

v.

Internal Revenue Service, Defendant.

Case No. 10–16662–SAH
Adv. No. 16–01109–SAH

United States Bankruptcy Court,
W.D. Oklahoma.

Signed July 19, 2017

884

Gary D. Hammond, Oklahoma City, OK, for Plaintiff.

Gretchen E Nygaard, USDOJ Civil Tax Division, Washington, DC, for Defendant.

**ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS TO INTERROGATORIES & PRODUCTION OF DOCUMENTS AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 20]**

Sarah A. Hall, United States Bankruptcy Judge

In what the Court can only describe as one of its most loathsome duties as a trial

judge, presiding over a discovery dispute, the following came on for consideration by the Court:

1. United States' Motion to Compel Answers to Interrogatories & Production of Documents and Notice of Opportunity for Hearing [Doc. 20], filed on May 26, 2017 (the "Motion"), by the United States of America ex rel. Internal Revenue Service (the "IRS");

2. Declaration of Gretchen E. Nygaard in Support of United States' Motion to Compel Answers to Interrogatories & Production of Documents [Doc. 21], filed on May 26, 2017, by the IRS;

3. David E. Terrell's Response with Brief in Support to United States' Motion to Compel Answers to Interrogatories & Production of Documents and Notice of Opportunity for Hearing [Doc. 27], filed on June 16, 2017, by David E. Terrell ("Terrell"); and

4. United States' Reply [Doc. 30], filed on June 22, 2017, by IRS.

## Background

■ Terrell and IRS have a tortuous history that is essential to understanding the present dispute. Terrell has a history of tax problems involving the IRS dating back to 1997. In fact, in an earlier adversary proceeding, Adv. No. 15–01272, commenced by Terrell seeking to discharge his 1997 federal tax obligation under 11 U.S.C. § 523(a)(1), this Court determined that Terrell's 1997 federal tax obligation was excepted from his discharge pursuant to

Section 523(a)(1)(C)[1] based, in large part, on a guilty criminal plea agreement and related judgment entered in Case No. 04–CR–0188–F in the United States District Court for the Western District of Oklahoma.

Terrell filed a second adversary proceeding seeking a determination that his 1998 and 1999 federal tax obligations are discharged. The IRS strenuously objects to such tax obligations being excepted from Terrell's discharge, once again under Section 523(a)(1)(C).

■ The burden of proof under Section 523(a)(1)(C) is on the IRS to demonstrate, by a preponderance of the evidence, that the taxes in question are non-dischargeable. Dalton v. I.R.S. (In re Dalton), 77 F.3d 1297, 1302 (10th Cir. 1996); Sherwood v. I.R.S. (In re Sherwood), 2009 WL 113486 (Bankr. N.D. Iowa 2009). This is true even where the debtor, here Terrell, is the plaintiff rather than the taxing authority. Bryen v. United States (In re Bryen), 433 B.R. 503, 515 (Bankr. E.D. Pa. 2010) (citing In re Fegeley, 118 F.3d 979, 983 (3d Cir. 1997)); Rossman v. United States (In re Rossman), 487 B.R. 18, 35 (Bankr. D. Mass. 2012).

In an effort to compile evidence to prove by a preponderance of the evidence that Terrell either made a fraudulent return or willfully attempted to evade or defeat his 1998 and 1999 federal tax obligations, the IRS served Terrell with its Interrogatories (the "Interrogatories"), Requests for Admissions and Requests for Production of Documents (the "Document Requests") on March 24, 2017 (collectively, the "Discovery Requests"). On April 18, 2017, Terrell

---

1. Section 523(a)(1)(C) excepts from discharge, "a tax or a customs duty ... with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C). Section 523(a)(1)(C) provides two independent grounds for excepting a tax liability from discharge: (i) filing a fraudulent return; and (ii) willfully attempting to evade or defeat tax liability. Vaughn v. IRS (In re Vaughn), 765 F.3d 1174, 1179 (10th Cir. 2014).

provided a combined response to the Discovery Requests and produced no documents (the "Discovery Responses"). The IRS followed-up Terrell's responses with a letter highlighting the deficiencies in the Discovery Responses. In response, Terrell served supplemental answers to the Discovery Requests (the "Supplemental Discovery Responses").[2] Still unsatisfied with Terrell's responses, the IRS then filed the Motion.

For the reasons set forth below, the Court agrees with the IRS and grants the Motion.

### Legal Analysis

 At issue are certain of Terrell's responses to the IRS' Interrogatories and Document Requests. Rule 33 of the Federal Rules of Civil Procedure (applicable pursuant to Fed. R. Bankr. P. 7033): (i) requires that responses and objections to interrogatories be made within 30 days after service thereof; (ii) mandates that objections be stated with specificity; and (iii) provides for a waiver of any objection not set forth in a *timely* objection unless excused by the court for good cause. Similarly, Rule 34 of the Federal Rules of Civil Procedure (applicable pursuant to Fed. R. Bankr. P. 7034): (i) requires that responses to requests for production of documents be in writing within 30 days after being served; (ii) mandates that each response state that inspection will be permitted or state with specificity the grounds for objecting to the requests including reasons; and (iii) requires that objections state whether any responsive documents are being withheld on the basis of the objection and specify any documents that will be produced.

2. The objectionable Discovery Responses and Supplemental Discovery Responses are annexed hereto as Exhibit 1. Even a cursory review of the Discovery Responses and the

As set forth below, Terrell failed in many respects to satisfy his obligations under Rules 33 and 34.

### I. ALL OBJECTIONS TO DISCOVERY MUST BE MADE INITIALLY AND SPECIFICALLY.

 Substantive objections to discovery requests are required to be contained in the answers and responses and are not to be withheld until inquiries are made by the requesting party as a result of deficient discovery responses or in response to a motion to compel. Waldrop v. Discover Bank (In re Waldrop), 560 B.R. 806, 810 (Bankr. W.D. Okla. 2016). If a party fails to object *timely* to interrogatories, production requests, or other discovery efforts, any objections thereto which are later raised in response to inquiry by the requesting party *are waived.* Waldrop, 560 B.R. at 810 (citing Fed. R. Bankr. P. 7033(b)(4)); Matthews v. J & J Serv. Solutions, LLC, 2017 WL 2256963 (M.D. La. 2017) (citing Scott v. United States Postal Service, 2016 WL 7440468, at *4 (M.D. La. 2016) (quoting In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989))).

 When preparing his Supplemental Discovery Responses, Terrell only raised additional objections to the Discovery Requests rather than adding substantive information to his Discovery Responses. As parties are required to raise objections in a *timely* fashion, i.e. within 30 days of service of the discovery requests, any new objections to discovery raised by Terrell in his Supplemental Discovery Responses are waived.

 As a result, the waived objections in the Supplemental Discovery Responses

Supplemental Discovery Responses highlights the undeniably "boilerplate" nature thereof, given their injudicious repetition.

to the Interrogatories are: (i) Terrell does not have any documents in his possession, custody or control (for whatever reason); (ii) relevancy; (iii) overly broad; ((iv) burdensome;[3] and (v) not reasonably calculated to lead to the discovery of admissible evidence.[4] The waived objections to the Document Requests are: (i) relevancy; (ii) overly broad; (iii) burdensome; (iv) not reasonably calculated to lead to the discovery of admissible evidence; and (v) documents are in the possession, custody or control of third parties not Terrell. Terrell must correct his Supplemental Discovery Responses to remove all untimely and, therefore, waived objections. The waived objections are identified in the bold, underlined text on Exhibit 1.

3. The Court questions whether this objection passes Rule 11 muster. It cannot reconcile that preparation of Terrell's informative and productive responses could conceivably be burdensome to him when, in the same sentence, he claims to have no documentation or information in his possession, custody or control from which such responses could be prepared. This incongruity illustrates the fundamental problem with boilerplate objections—they say nothing!

4. Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended in 2015 to adjust the scope of discovery. Contrary to Terrell's objection, the permissible scope of discovery no longer requires that the information or documentation sought be admissible into evidence. Accordingly, the "reasonably calculated to lead to admissible evidence" test was abrogated as the standard for permissible discovery. Bautista v. MVT Service, LLC, 2017 WL 2082925 at *9, n.2 (D. Colo. 2017). Relevancy is still broadly construed and encompasses any matter that bears on or is reasonably calculated to lead to other matters that could bear on a party's claim or defense. XTO Energy, Inc. v. ATD, LLC, 2016 WL 1730171 (D. N.M. 2016); Frazier v. Vintage Stock, Inc., 2016 WL 4083649 (W.D. Okla. 2016) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

## II. BOILERPLATE OBJECTIONS, WITHOUT MORE, EQUATE TO NO OBJECTION.

General or boilerplate objections[5] are invalid; objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Samsung Elec. America, Inc. v. Chung, —— F.R.D. ——, 2017 WL 896897 (N.D. Tex. 2017) (amended Federal Rule of Civil Procedures 34(b)(2) effectively codifies this requirement at least in part). Courts look with "disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." Waldrop, 560 B.R. at 810 (citing Sonnino v. University of Kansas Hosp. Auth., 221 F.R.D. 661, 670 (D. Kan.

5. " 'The hallmark of a boilerplate objection is its generality. The word 'boilerplate' refers to trite, hackneyed writing'—an appropriate definition in light of how boilerplate objections are used. An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request. For example, a boilerplate objection might state that a discovery request is 'irrelevant' or 'overly broad' without taking the next step to explain why. These objections are taglines, completely 'devoid of any individualized factual analysis.' Often times they are used repetitively in response to multiple discovery requests. Their repeated use as a method of effecting highly uncooperative, scorched-earth discovery battles has earned them the nicknames 'shotgun'—and 'Rambo'—style objections. The nicknames are indicative of the federal courts' extreme disfavor of these objections.' " Liguria Foods, Inc. v. Griffith Lab., Inc., 320 F.R.D. 168, 170, n.1, 2017 WL 976626 at *1, n.1 (N.D. Iowa 2017) (quoting Matthew L. Jarvey, Boilerplate Discovery Objections: How They are Used, Why They are Wrong, and What We Can Do About Them, 61 DRAKE L. REV. 913, 914–16 (2013) (footnotes omitted)).

2004); S.E.C. v. Brady, 238 F.R.D. 429, 437 (N.D. Tex. 2006)); Matthews, 2017 WL 2256963 (citing McLeod, Alexander, Powel and Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). " '[B]oilerplate objections that include unsubstantiated claims of undue burden, over breath and lack of relevancy," while producing "no documents and answering no interrogatories . . . are a paradigm of discovery abuse.' " Waldrop, 560 B.R. at 810 (quoting Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D. N.Y. 2009)). Objections claiming discovery requests to be "overly broad and unduly burdensome," without more, are "meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the court nothing.' " Sream, Inc. v. Hassan Hakim & Sarwar, Inc., 2017 WL 878704 at *2 (S.D. Fla. 2017) (citing Fischer v. Forrest, 2017 WL 773604 (S.D. N.Y. 2017)).

■■■■ Terrell, as the party resisting discovery, must show how each objectionable Discovery Request is overly broad, unduly burdensome, oppressive or irrelevant by submitting affidavits or offering evidence revealing the nature of the burden. Samsung, —— F.R.D. ——, 2017 WL

896897 (citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990)). See also Heller v. City of Dallas, 303 F.R.D. 466 (N.D. Tex. 2014) (citing Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005); Brady, 238 F.R.D. at 437–38. When discovery sought appears relevant on its face, the party objecting to the discovery on relevancy has the burden to establish the lack of relevance [6] by demonstrating that the requested discovery does not come within the broad scope of relevance as defined by Rule 26(b)(1). Waldrop, 560 B.R. at 811 (citing Gassaway v. Jarden Corp., 292 F.R.D. 676, 684 (D. Kan. 2013)).[7] " 'Failing to do so, as a general matter, makes such unsupported objection nothing more than unsustainable boilerplate.' " Samsung, —— F.R.D. at ——, 2017 WL 896897 at *29 (quoting Heller v. City of Dallas, 303 F.R.D. 466, 490 (N.D. Tex. 2014)).

■■■■ The simple fact that the objectionable Discovery Responses and Supplemental Discovery Responses are virtually identical, perfectly illustrates the boilerplate nature thereof, which serves only to obstruct discovery and cause consternation among the parties and the Court. Consequently, Terrell's boilerplate objections [8] to

---

6. Even if this Court did not find Terrell waived his relevancy objection, the Court would overrule such objection. In analyzing facts under Section 523(a)(1)(C), a court may properly consider a debtor's conduct after the return and payment were due to determine whether the evasion of payment was willful. Myers v. IRS (In re Myers), 216 B.R. 402, 405 (6th Cir. BAP 1998); Bryen, 433 B.R. at 516. Circumstantial evidence of willfulness may include: debtor's conduct over a period of time which may extend beyond the time when the tax payment was due. Lacheen v. IRS (In re Lacheen), 365 B.R. 475, 484 (Bankr. E.D. Penn. 2007) (citing United States of America v. Jacobs (In re Jacobs), 2006 WL 2691516 (M.D. Fla. 2006)); United States v. Weiss, 2000 WL 1708802 (E.D. Pa. 2000)). Accordingly, Terrell's blanket relevancy objection as

to information or documentation from 2000 to date is without merit.

7. Although not raised by Terrell, any objection that the burden and expense of the requested discovery outweighs its likely benefit, without further explanation as to the extent of the burden, cannot be granted as such an objection must be stated with specificity. Phillips v. Hanover Ins. Co., 2015 WL 1781873 (W.D. Okla. 2015).

8. The Court chooses to believe that counsel for Terrell is simply "addicted to 'boilerplate' discovery objections" as are many, if not most, attorneys appearing before this Court. Liguria Foods, 320 F.R.D. 168, 2017 WL 976626. In the future, all counsel are cau-

the Discovery Requests are overruled. Terrell must further amend his Discovery Responses and Supplemental Discovery Responses to remove all waived boilerplate objections.

## III. TERRELL MUST PRODUCE DOCUMENTS WITHIN HIS CONTROL.

■ The overriding theme to Terrell's Discovery Responses and Supplemental Discovery Responses is a lack of knowledge of any details and a lack of documentation within his current possession, custody or control. This "theme" is troubling to the Court given that taxpayers generally are required to keep such records as are necessary for the determination of tax and must be able to produce documents to substantiate income and expenses. Scott v. C.I.R., 2012 WL 798039 (U.S. Tax Ct. 2012) (citing 26 U.S.C. § 6001). "[W]hen a person who recently maintained multiple business interests fails to produce any meaningful financial records, a natural inference arises that the person is attempting to obfuscate his financial dealings." Peters v. Michael (In re Michael), 433 B.R. 214, 223 (Bankr. N.D. Ohio 2010) (court addressing a Section 727 claim). The failure to keep or produce adequate records to support a tax return can serve as an indicia of fraud. Scott, 2012 WL 798039.

■ Notwithstanding the seemingly obvious inference that can be drawn by the Court, Terrell conveniently [9] claims not to be in possession, custody or control of anything, either information or documentation, responsive to IRS's Discovery Requests.[10] Given the length of time Terrell has had tax problems, it defies logic that Terrell completely purged all relevant facts and details from his memory and innocently destroyed or eliminated all records pertaining to his income and expenses as claimed in his 1998 and 1999 tax returns and as earned and incurred in his subsequent tax years.

■ Additionally, the courts do not require that Terrell be in actual possession of information and documents to be required to produce them or obtain them to refresh his memory so that full and complete responses to the Discovery Requests can be provided. Most courts have adopted a more expansive definition of "control" given the practical ability to obtain the documents. Choctaw Town Square, LLC v. Kokh Licensee, LLC, 2015 WL 11661752 (W.D. Okla. 2015) (citing Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007)). Documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action. Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135 (S.D. N.Y. 1997). See also SPV–LS, LLC v. Transamerica Life Ins. Co., 2017 WL 899882 (D. S.D. 2017). "Thus a party who does not have actual possession of documents but who has a right to obtain them on demand may be required to exercise that right in order to meet the requirements of Fed. R. Civ.

---

tioned to understand and fully embrace their obligations to timely provide, in the first instance, meaningful, thoughtful and complete discovery responses and objections. No less will be allowed.

9. A party cannot evade production of documents by conveniently claiming a lack of ac-

cess when the documents are sought for discovery purposes. New York ex rel. Boardman v. National R.R. Passenger Corp., 233 F.R.D. 259 (N.D. N.Y. 2006).

10. This bold statement is made even though Terrell has a history of federal income tax problems, especially with verification of claimed income, dating back to 1997.

890

P. 34." Lumpkin v. Clark, 2008 WL 2441986 at *9 (D. Colo. 2008) (citing Alexander v. F.B.I., 194 F.R.D. 299 (D. D.C. 2000)). "Rule 34 performs the salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third-party source.'" Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. 513, 517 (D. Kan. 2007).

 Here, Terrell claims to have no information or documents in his possession, custody or control but failed to educate the IRS and the Court, in his Discovery Responses, Supplemental Discovery Responses or his Objection, as to what reasonable steps, if any, he took to locate all relevant, responsive records rendering his objection non-specific and without merit as required by Rule 34. Moreover, Terrell has a duty to seek out the information and documentation from third parties over whom he has control to obtain any responsive information and documentation, which the Discovery Responses and the Supplemental Discovery Responses make clear he did not do. Therefore, such objection is overruled. Bryant v. Armstrong, 285 F.R.D. 596 (S.D. Cal. 2012).

Within 30 days from entry of this Order, Terrell must further supplement his Discovery Responses and Supplemental Discovery Responses, responding fully and completely to the Interrogatories and Document Requests **and** produce documents in his possession, custody or *control* responsive to the Discovery Requests. If no responsive information and documents are in Terrell's possession, custody, or control, after taking reasonable steps to locate them, Terrell must state so under oath and describe, in detail, all efforts he made to locate responsive information and documents. Similarly, Terrell must detail the

steps he took to refresh his memory and get the information requested in the Interrogatories if he continues to represent that his memory fails him. Bryant, 285 F.R.D. at 603 (citing Vazquez–Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 155 (D. P.R. 2010)).

## IV. FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN SHIFTING THE BURDEN OF PROOF FROM IRS TO TERRELL.

 Quite frankly, Terrell's Discovery Responses perplex the Court. Terrell desperately wants his 1998 and 1999 tax liabilities to be discharged, yet he is unwilling to take steps to produce anything or even respond to Interrogatories to support his claim. If Terrell's supplementation of his responses to the Discovery Requests in accordance with this Order provides little or nothing additional in the form of facts and documents, the Court will have no choice but to shift the burden of proof from the IRS to Terrell on the Section 523(a)(1)(C) claim because the IRS will be unable to discover Terrell's actual income and expenses or whether he spent his disposable income in lieu of paying his tax liabilities.

The bankruptcy court in Lacheen v. IRS (In re Lacheen), 365 B.R. 475 (Bankr. E.D. Penn. 2007) was faced with facts similar to this case. Like Terrell, the Lacheen debtors commenced an adversary proceeding against the IRS to determine the dischargeability of federal income taxes, but were then unresponsive to valid discovery requests necessitating that the IRS file a motion to compel production, which the court granted. When the debtors further resisted discovery attempts, the IRS filed a motion to dismiss, requesting judgment in its favor. The bankruptcy court, rather than finding the tax debt non-dischargea-

ble and depriving the debtors of their day in court, ruled prior to trial:

> And it is also further ORDERED that given the Plaintiffs' failure to retain documents that are necessary to the IRS's case, the burden of proof shall shift to the Plaintiffs to prove by a preponderance of the evidence that they did not willfully attempt in any manner to evade or defeat their obligations for taxes for the years 1995 and 1996 so as to require an exception of these tax obligations from discharge under 11 U.S.C. § 523(a)(1)(C)[.]

Lacheen, 365 B.R. at 479. In its opinion following trial, the bankruptcy court recognized that exceptions to discharge are to be liberally interpreted in favor of debtors, but explained:

> Debtors have been given every opportunity to prove their case, even as they repeatedly failed to fulfill the discovery obligations imposed by the rules of procedure and orders of this Court. Normally, the burden of proof in cases arising under 11 U.S.C. § 523(a)(1)(C) is on the government to prove by a preponderance of the evidence that the debtor willfully sought to evade the payment of taxes. But here, because of the Lacheen's failure to respond to the IRS's discovery requests, and Mr. Lacheen's inconsistent testimony about whether he possessed responsive documents regarding the expenditure of the couple's disposable income not devoted to tax obligations, I shifted the burden of proof to the Debtors.

Lacheen, 365 B.R. at 479. This Court finds the Lacheen court's approach logical and justified when a debtor brings an adversary proceeding for a determination that his tax debts are dischargeable, but then refuses to cooperate with discovery efforts by IRS to obtain evidence within the debtor's control that is necessary to prove its case.

Such an approach is appropriate given the voluntary nature of our tax compliance system. Records of income are under the taxpayer's control and, therefore, the taxpayer is in the best position to prove the correct amount of tax liability.[11] If the burden of proof were assigned exclusively to the IRS, a taxpayer seeking to avoid his tax liability could accomplish his goal simply by withholding, destroying, or never creating records required to connect him with the income producing activity. See United States v. Johnson, 319 U.S. 503, 517–18, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943) (skillful concealment cannot be an invincible barrier to proof); DiMauro v. United States, 706 F.2d 882, 885 (8th Cir. 1983) (when taxpayer destroys its records, IRS assessment of tax liability need be calculated using reasonable method but need not be arithmetically precise).

If necessary, shifting the burden of proof to Terrell would also be consistent with court rulings in other types of bankruptcy adversary proceedings that involve proving fraud. For example, in the fraudulent transfer context, some courts have determined that a trustee's demonstration of certain badges of fraud establishes a prima facie case and creates a rebuttable presumption that then shifts the burden to the party seeking to uphold the attacked transaction. See, e.g., Schilling v. Heavrin (In re Triple S Rest., Inc.), 422 F.3d 405, 415 (6th Cir. 2005) (equitable principles support shifting burden of proof when badges of fraud are present and defendant can much more readily supply evidence); Kelly v. Armstrong, 206 F.3d 794, 798 (8th Cir. 2000) (confluence of badges of fraud

11. Section 6001 of the Internal Revenue Code requires a taxpayer to keep and present the IRS with sufficient documentation to substantiate his tax liability. 26 U.S.C. § 6001.

give rise to presumption of fraudulent intent); Rabin v. Delacruz (In re St. Clair Clinic, Inc.), 73 F.3d 362 (Table), 1996 WL 6531 (6th Cir. 1996); Stalnaker v. Dennis (In re Dennis), 2012 WL 359872, *2–3 (Bankr. D. Neb. 2012).

 Several bankruptcy courts have taken a similar approach in the context of Section 523(a)(1)(C) adversaries, determining that the presence of multiple badges of fraud gives rise to a rebuttable presumption of willful evasion. See, e.g., Harris v. United States (In re Harris), 328 B.R. 837, 844 (Bankr. S.D. Ala. 2005) (citing In re Hassan, 301 B.R. 614, 621 (S.D. Fla. 2003); Peterson v. United States (In re Peterson), 317 B.R. 556 (Bankr. N.D. Ga. 2004). The quintessential badges of fraud supporting willful tax evasion include (i) consistent understatement of income; (ii) failure to maintain adequate records; and (iii) failure to cooperate with taxing authorities. United States v. Krause (In re Krause), 386 B.R. 785, 824 (Bankr. D. Kan. 2008), These are the precise facts and obstacles the IRS is facing in this proceeding.

## Conclusion

Terrell initiated this adversary proceeding and holds the keys, and he is expected to use them to supplement his Discovery Responses and Supplemental Discovery Responses within the next 30 days as set forth above. At trial, Terrell will be limited to the documents he actually produced and his Discovery Responses to the Interrogatories, as supplemented, in putting on his case in chief. It would be grossly unfair to allow Terrell, at trial, to expand his evidence through documents and testimony that he is unwilling to disclose during discovery. If Terrell fails to timely and fully satisfy his obligations under this Order, the IRS is directed to file a motion to shift the burden of proof in this adversary proceeding within 20 days after Terrell serves

his supplemental Discovery Responses and produces any documents in response thereto.

The hearing on this matter scheduled for July 26, 2017, at 9:30 a.m. is hereby stricken.

IT IS SO ORDERED.

## EXHIBIT 1

**Terrell's Objectionable Discovery Responses and Supplemental Discovery Responses**

**BOLD UNDERLINED OBJECTIONS ARE WAIVED AS NOT HAVING BEEN TIMELY RAISED.**

### Interrogatory Answers and Supplemental Answers

4. ANSWER: Plaintiff does not recall all of the businesses of which he was an owner, partner, director, co-owner, manager, or held a position of similar authority during the 1998 and 1999 period. To the best of his recollection, Plaintiff states that he recalls having an interest in or otherwise being involved in Terrell Roofing Corporation, Terrell's Siding, Inc., Terrell's Home Center, T–Squared, Terrell's, Inc., Terrell's Roofing and Sliding and Info–Tel Solutions.

4. REVISED ANSWER: Plaintiff does not recall all the businesses of which he was an owner, partner, director, co-owner, manager, or held a position of similar authority during the 1998 and 1999 period. **Plaintiff does not have any documentation for 1998 and 1999 that he could review that would assist him in answering this question.** To the best of his recollection, Plaintiff states that he recalls having an interest in or otherwise being involved in Terrell Roofing Corporation, Terrell's Siding, Inc., Terrell's Home Center, T–Squared, Terrell's, Inc., Terrell's Roofing and Sliding and Info–Tel Solutions. **Plaintiff objects to the produc-**

tion of information requested in interrogatory # 4 for the years 2000–2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant admissible evidence. Plaintiff further objects to the interrogatories to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

5. ANSWER: To the best of his recollection, Plaintiff states that after reviewing the United States' Initial Disclosures that identifies Bank One and Midfirst Bank as financial institutions where Plaintiff and/or one or more [of] his business entities had an account, Plaintiff believes these are the only financial institutions where he had signatory authority.

5. REVISED ANSWER: **Plaintiff does not recall all of the bank accounts for which he had signatory authority and for which he used for personal and/or business purposes for 1998 and 1999. Plaintiff does not have any documentation for 1998 and 1999 that he could review that would assist him in answering this question.** To the best of his recollection, Plaintiff states that after reviewing the United States' Initial Disclosures that identifies Bank One and Midfirst Bank as financial institutions where Plaintiff and/or one or more [of] his business entities had an account, Plaintiff believes these are the only financial institutions where he had signatory authority during 1998 and 1999. **Plaintiff objects to the production of information requested in interrogatory # 5 for the years 2000—2016 because such information is not relevant, over broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evi-**dence. **Plaintiff further objects to the interrogatories to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

6. ANSWER: Plaintiff does not recall his sources of credit for personal and/or business use during 1998 and 1999.

6. REVISED ANSWER: Plaintiff does not recall his sources of credit for personal and/or business use during 1998 and 1999. **Plaintiff does not have any documentation for 1998 and 1999 that he could review that would assist him in answering this question. Plaintiff objects to the production of information requested in interrogatory # 6 for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the interrogatories to the extent they seek information in the possession, custody or control of entities or persons other than plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

7. ANSWER: All documents Plaintiff is not able to produce have been lost and/or destroyed since 1998 and 1999. Although Plaintiff did not voluntarily destroy and [sic] documents or information for any improper purposes, Plaintiff does believe that during the course of his personal and business affairs that certain documents and information would have been destroyed or otherwise disposed of in the normal course. By way of example and not by way of limitation, plaintiff states that various documents that he would have had for the 1998 and 1999 periods would have been routinely destroyed and/or otherwise

disposed of during the normal course of his personal and business affairs.

7. REVISED ANSWER: All documents Plaintiff is not able to produce have been lost and/or destroyed since 1998 and 1999. Although Plaintiff did not voluntarily destroy and [sic] documents or information for any improper purposes, Plaintiff does believe that during his personal and business affairs that certain documents and information would have been destroyed or otherwise disposed of in the normal course. By way of example and not by way of limitation, plaintiff states that various documents that he would have had for the 1998 and 1999 periods would have been routinely destroyed and/or otherwise disposed of during the normal course of his personal and business affairs. **Plaintiff objects to the production of information requested in interrogatory # 7 for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the interrogatories to the extent they seek information in the possession, custody or control of entities or persons other than plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

### Document Request Responses and Supplemental Responses

1. Response: none

Amended Response: Plaintiff does not have any documents for 1998 and 1999. **Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, over broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information of documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

2. Response: none

Amended Response: Plaintiff does not have any documents for 1998 and 1999. **Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

3. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. **Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

4. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999.

Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

5. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

6. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession,

custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

7. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

8. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

9. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999.

896

Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

10. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

11. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession,

custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

12. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

13. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

14. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999.

Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

15. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

16. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession,

custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

17. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

18. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

19. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999.

898

Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

20. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

21. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession,

custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

22. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

23. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

24. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999.

Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

25. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

26. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession,

custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

27. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

28. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

29. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999.

900

Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

30. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

31. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession,

custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

32. Response: None.

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

36. Response: Objection. Not relevant. Plaintiff objects to the production of any of the foregoing documents for any tax year beyond 1998 and 1999 because such documents are not relevant and will not lead to discoverable evidence. Plaintiff further states that he does not have any of the requested documents for 1998 or 1999.

Amended Response: Objection. Not relevant. Plaintiff objects to the production of any of the foregoing documents for any tax year beyond 1998 and 1999 because such documents are not relevant and will not lead to discoverable evidence. Plaintiff further states that he does not have any of the requested documents for 1998 or 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of

relevant, admissible evidence. **Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exits or has otherwise been lost, misplaced or destroyed.**

37. Response: Objection. Not'relevant. Plaintiff objects to the production of any federal, state and/or local tax returns filed on behalf of any of his companies after 1998 and 1999 because such returns are not relevant and will not lead to discoverable evidence.

Amended Response: Objection. Not relevant. Plaintiff objects to the production of any federal, state and/or local tax returns filed on behalf of any of his companies after 1998 and 1999 because such returns are not relevant and will not lead to discoverable evidence. **Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

40. Response: Objection. Not relevant. Plaintiff objects to the production of forms, W–2, W–3, K–1, 1099 and 1098 sent to him by anyone regarding any tax years besides 1998 and 1999 because such documents are not relevant and will not lead to discoverable evidence. Plaintiff further states that he does not have the requested documents for 1998 or 1999.

Amended Response: Objection. Not relevant. Plaintiff objects to the production of forms W–2, W–3, K–1, 1099 and 1098 sent to him by anyone regarding any tax years besides 1998 and 1999 because such documents are not relevant and will not lead to discoverable evidence. Plaintiff further states that he does not have the requested documents for 1998 or 1999 because such documents are not relevant **and will not lead to discoverable evidence.** Plaintiff further states that he does not have the requested documents for 1998 or 1999. **·Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

41. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. **Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.**

42. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

43. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

44. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

45. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

46. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

47. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

48. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

49. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

50. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

51. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

904

52. Response: None

Amended Response: Plaintiff does not have any documents for 1998 and 1999. Plaintiff objects to the production of information and documents requested for the years 2000—2016 because such information is not relevant, overly broad, burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the production of information and documents to the extent they seek information in the possession, custody or control of entities or persons other than Plaintiff or information or documents that no longer exists or has otherwise been lost, misplaced or destroyed.

ORDERED